IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARSH IRVING | * | |
| Petitioner | * | |
| v | * | Civil Action No.JKB-13-25 |
| ERIC HOLDER, et al. | * | |
| Respondents | * | |
| | *** | |

## MEMORANDUM

Pending is respondents' motion to dismiss the above-captioned petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241.  ECF No. 4.  Respondents move to dismiss the petition against Holder, Napoltiano, and Morton as improper respondents,[1] and the petition as moot. *Id*. For the reasons set forth below, the motion shall be granted.

Petitioner Marsh Irving ("Irving") is a native and citizen of Jamaica who entered the United States in 1983 and became a lawful permanent resident alien.  ECF No. 1 at p. 3.  In March 1998, petitioner was convicted of possession with intent to distribute cocaine in North Carolina state court and received a sentence of four to five months in prison. ECF No. 8 at Ex. 1, p. 3.  Based on the North Carolina conviction, a notice to appear was issued by Immigrations Custom Enforcement (ICE), charging Irving with removability under the Immigration and Nationality Act, 8 U.S.C. §1182(a)(2)(A)(i)(II).  *Id*.  Removal proceedings were conducted on October 2, 2008, and an order for Irving's removal was issued, but was stayed until December 2008.  Irving moved for a stay of execution of the removal order several times.  During this period of time, Irving was not in ICE custody.

---

[1] Because the petition is moot, the issue of the proper respondent in this case will not be addressed.

Irving was again arrested in 2011 for second degree assault and disorderly conduct in Prince George's County, Maryland. After that arrest, Irving was brought into ICE custody on July 18, 2011. ECF No. 8 at Ex. 1. On August 26, 2011, the Immigration Judge (IJ) granted a motion filed by ICE to vacate the stay that had been placed on the previously issued removal order. *Id*. The Board of Immigration Appeals reimposed the stay and remanded the case to the IJ with instructions to consider Irving's claims that his removal to Jamaica would result in him being subjected to torture in violation of the United Nations Convention Against Torture (CAT). *Id*.

On September 27, 2012, the IJ ordered Irving's removal, but deferred the removal after granting Irving's motion for relief under the CAT. ECF No. 8 at Ex. 2. The IJ found that sending Irving back to Jamaica may result in him being subjected to torture in violation of the CAT. *Id*. ICE appealed the IJ's ruling to the Board of Immigration Appeals, but withdrew the appeal on December 31, 2012. ECF No. 8 at Ex. 3.

Irving was released from custody on December 31, 2012, under an order of supervision. ECF No. 8 at Ex. 4. Respondents note that while Irving has been released from incarceration, the removal order remains in effect and he is still required to cooperate with ICE to secure necessary travel documents in order to bring about the execution of the removal order. *Id*.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983)). "This means that,

throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' " *Spencer*, 523 U.S. at 7 (quoting *Lewis,* 494 U.S. at 477).

Irving's release from custody has rendered moot his petition for writ of habeas corpus seeking his release from custody.  Accordingly, a separate order dismissing the petition as moot follows.

DATED this 13th day of February, 2013.

BY THE COURT:

/s/
James K. Bredar
United States District Judge